UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| Jessica Lopez-Garcia,<br><br>Plaintiff,<br><br>v.<br><br>Deutsche Bank National Trust Company,<br>as Trustee for Argent Securities Inc.,<br>Asset-Backed Pass-Through Certificates<br>Series 2005-W5<br><br>Defendant. | Civil Action No. 5:16-cv-00217 (RCL) |

## **MEMORANDUM OPINION**

Before the Court is defendant's Motion for Summary Judgment against all claims asserted by plaintiff Jessica Lopez-Garcia. Def.'s Mot. for Summ. J., ECF No. 9. Having considered the motion, responses, replies, exhibits, filings, and applicable law, the Court will grant the defendant's motion.

### I.     BACKGROUND

This case involves the preclusion of foreclosure on the homestead of decedent Jesus Garza Jr. Plaintiff Jessica Garcia Lopez, Administratrix and heir of decedent's estate, contends that in 2005 the decedent executed a Texas Home Equity note with Argent Mortgage Company, LLC, and that he timely paid payments each month until his death on July 11, 2011. Compl. 1–2, ECF No. 1-1. Plaintiff alleges that after her appointment as Administratrix of his estate on February 10, 2012, she continued to make payments according to the loan agreement. *Id.* at 2.

1

Plaintiff claims that on or about November 2014, the successor lender began refusing to accept premium payments that were being made on a regular basis—premium payments supposedly made as payment for a credit life insurance policy. *Id.* Plaintiff claims that in mid-2014 she received a verbal explanation that the decedent never had a credit life insurance policy, and that was why the lender was refusing the premium payments. *Id.* Plaintiff does not dispute the fact that she has made no payments on the loan since November 2013. Pl.'s Resp. to Def.'s Mot. for Summ. J. 7, ECF No. 13.

In November 2015, plaintiff was served regarding the foreclosure of decedent's house based on the loan agreement. Plaintiff claims that a credit life insurance policy was issued to the decedent at the time of the loan, the premiums were paid for that policy, and on death of the decedent that claim was neither paid nor properly denied. Compl. 2.

On January 29, 2016, plaintiff filed the present action against Deutsche Bank National Trust Company, as Trustee for Argent Services, Inc., Asset-Backed Pass-Through Certificates Series 2005-W5, in the 288th Judicial District Court of Bexar County, Texas. *Id.* at 3. Plaintiff alleged the following: (1) that defendant Deutsche Bank National Trust Company is in conflict of interest with its wholly owned affiliate, Credit Life Insurance Company;[1] (2) that defendant breached the deed of trust by not demanding payment from its affiliate while collecting premiums on the affiliate's behalf; (3) that defendant breached its contract and fiduciary duty, as well as the

---

[1] In Plaintiff's Response to Defendant's Motion for Summary judgment, the plaintiff refers to Ocwen instead of Credit Life Insurance Company, as well as referring to Ocwen as the defendant's representative rather than its wholly-owned affiliate. This confusing dual substitution is accompanied by no explanation or evidence other than the plaintiff's intuition that the life insurance policy may have been issued through Ocwen—intuition sparked by a recent Florida class action suit that is similar to the plaintiff's allegations but fundamentally different in several ways. The plaintiff offers no evidence that Ocwen acted as defendant's representative, or that Ocwen is even related to the class action suit. Plaintiff presents no evidence of a connection between the defendant and Ocwen, but claims that facts alleged in a recent case may indicate, upon further discovery, that a connection exists. Regardless, Ocwen has not been properly served or notified of these proceedings, and is not a party to this case or ruling.

2

Texas Insurance Code, by failing to promptly pay the claim upon notice of the death of Jesus Garza Jr.; (4) that defendant has, by a series of acts and omissions, violated the provisions of the Texas Fair Debt Collection Practices Act (TDCA); (5) that defendant has, by violating the TDCA, engaged in false, misleading, and deceptive practices declared unlawful by the Texas Deceptive Trade Practices Act (DTPA); and (6) that defendant has breached the terms of the Deed of Trust and the insurance policy. *Id.* at 3-4. Plaintiff seeks injunctive relief from the foreclosure, as well as actual and exemplary damages from the above claims. *Id.* at 5.

On March 1, 2016, defendant removed the action to this Court on the basis of diversity jurisdiction. Def.'s Notice of Removal, ECF No. 1. Deutsche Bank National Trust Company has filed a motion for summary judgment as to each of plaintiff's claims. The parties have filed responsive pleadings, and this Court is now prepared to review the defendant's motion. However, plaintiff also moved to remand on the basis that this Court lacks subject-matter jurisdiction.[2] This Court will address each motion separately, and will review the jurisdictional issue first.

## II.   JURISDICTION

The Court first attends to plaintiff's claim that this case should be remanded to probate court on concerns of a lack of subject-matter jurisdiction. Pl.'s Resp. to Def.'s Mot. for Summ. J. Defendant removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. District courts have jurisdiction in diversity actions—actions between citizens of different states that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set for the in the articles

---

[2] This motion is part of plaintiff's untimely response to the defendant's Motion for Summary Judgment—the response was filed one day late because of a lack of service. Because the motion raises a question of subject matter jurisdiction, and because the ultimate findings of this Court would be unaffected had the response been timely filed, the Court will analyze defendant's Motion for Summary Judgment alongside the plaintiff's response as if the response had been timely filed.

3

of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S 303, 307 (2006). Deutsche Bank National Trust Company is a national banking association "organized under federal law with its main office in Los Angeles, as designated in its Articles of Association." Def.'s Notice of Removal 4, ECF No. 1. Therefore, defendant is a citizen of California for diversity purposes. Natural persons are considered a citizen of the state where that person is domiciled, and where the person has an intent to remain indefinitely. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). Plaintiff is a resident of Texas, and therefore a citizen of Texas for diversity purposes. Plaintiff is seeking damages in excess of $100,000, which exceeds the statutory requirement of $75,000. Def.'s Notice of Removal 3. The Court, therefore, finds that diversity jurisdiction exists.

The plaintiff argues that this case was not properly removed, as there is no "specific statutory or case authority in Texas authorizing persons to deal directly with heirs without any probate court action of any type." Pl.'s Resp. to Def.'s Mot. for Summ. J. 10. However, as this case does not require the Court to probate or annul a will, administer the decedent's estate, or dispose of property in the custody of the probate court, diversity jurisdiction is not precluded. *See Marshall v. Marshall*, 547 U.S. 293, 298 (2006) (restricting broad interpretations of the probate exception). The plaintiff's request to remand to probate court on the basis of a lack of subject-matter jurisdiction will be denied.

The Court now considers defendant's Motion for Summary Judgment.

### III. STANDARD OF REVIEW

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4

56(a). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Id.* at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The function of summary judgment is to allow for parties to preempt litigation by demonstrating that "one or more of the essential elements of a claim or defense before the court is not in doubt and that, as a result, judgment should be entered on the basis of purely legal considerations." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In deciding whether a fact issue exists, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 389 (1968)).

## IV. ANALYSIS

In its motion for summary judgment, defendant asserts: (1) plaintiff's breach of contract claim fails because there is no evidence of the plaintiff's performance, (2) plaintiff's TDCA claim fails because there has been no violation and plaintiff has not been damaged, (3) plaintiff's DTPA claim fails because plaintiff is not a consumer under the DTPA, (4) plaintiff's claim for violations of the Texas Insurance Code fails because the decedent did not have a Credit Life Insurance policy, (5) there is no evidence that defendant owes plaintiff a fiduciary duty, (6) plaintiff's claim for

wrongful foreclosure is moot because the property has not been foreclosed, and (7) plaintiff lacks standing to assert the claims in this lawsuit. Def's Mot. for Summ. J. 5–11. In short, the defendant alleges that plaintiff's claims fail because of an utter lack of evidence as to essential elements.

### A. Plaintiff's Breach of Contract Claim Fails to Present a Genuine Issue for Trial

Under Texas law, a breach of contract claim must contain four elements; "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003). The first element is satisfied as the existence of the loan is not contested by either party.

Plaintiff, however, has presented no evidence that she has consistently tendered performance to satisfy the terms of the loan. Plaintiff relies solely on the language of defendant's Request for Admissions, saying that "Admit that you have made no payments on the Loan," is a statement restricted to the plaintiff by that word "you." Def.'s First Set of Disc. to Pl. 8, ECF No.9-9. Plaintiff asserts that the language of that statement "suggests someone made payments in 2013 or made payments up to 2013." Pl.'s Resp. to Def.'s Mot. for Summ. J. 7. To be blunt, this is not evidence.

Plaintiff also contends, in her response to defendant's Motion for Summary Judgment, that "discovery is necessary to establish whether any other heir made payments." *Id.* Plaintiff, however, provides no evidence to support this allegation and indeed does not even list the names of any persons suspected of making payments. There is no evidence from which a reasonable trier of fact could infer that plaintiff tendered performance under the contract here. Plaintiff has not satisfied the second element of breach of contract.

Additionally, since no foreclosure sale has yet occurred and the plaintiff remains in possession of the property, plaintiff has not demonstrated evidence of any damages as a result of the alleged breach of contract. Given that plaintiff has not demonstrated performance of their contractual obligations, and that no damages resulting from breach of contract have been shown, no genuine issue of fact exists as to two essential elements. Thus, plaintiff failed to create a genuine issue for trial. Accordingly, the defendant is entitled to summary judgment on plaintiff's breach of contract claim.

### B. Plaintiff's TDCA Claim Fails to Present a Genuine Issue for Trial

In order to recover under the TDCA, plaintiff must demonstrate that (1) the debt at issue is a consumer debt; (2) defendant is a debt collector within the meaning of the TDCA; (3) defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against plaintiff; and (5) plaintiff was injured as a result of defendant's wrongful act. See TEX. FIN. CODE § 392.001 *et. seq*. For the reasons discussed above, plaintiff has not presented any evidence of injury as related to these claims, only the statement that a judgment in defendant's favor will potentially cause public embarrassment. Plaintiff remains in possession of the property, and no foreclosure sale has occurred, and plaintiff therefore has presented no evidence of the actual damages upon which recovery under the TDCA must be based. *See* TEX. FIN. CODE § 392.403(a)(2).

Plaintiff has likewise presented no evidence of either a wrongful act, or that such an act was committed against the plaintiff. In her complaint, the plaintiff simply lists off alleged violations of the TDCA without offering any evidence other that the assertion of events which have been disputed in the defendant's Motion for Summary Judgment—the plaintiff admits that after a "diligent search" of her father's records she found no evidence of the credit life insurance

7

policy that her TDCA claims are based on. Pl.'s Resp. to Def.'s Mot. for Summ. J. 12. Based on the foregoing, the defendant has demonstrated the absence of a genuine factual dispute, and is entitled to summary judgment on plaintiff's TDCA claim.

### C. Plaintiff's DTPA Claim Fails to Present a Genuine Issue for Trial

Plaintiff's claim that the Defendant violated the DTPA is entirely reliant upon plaintiff's claim that the defendant committed a violation of the TDCA. Compl. 4. Given that plaintiff's TDCA claim fails to present a genuine issue for trial, plaintiff's DTPA claims also fail. Defendant is entitled to summary judgment on plaintiff's DTPA claim.

### D. Plaintiff's Claim for Failure to Promptly Pay Fails to Present a Genuine Issue for Trial

Plaintiff's original complaint does not cite a specific statutory violation for prompt payment, instead contending that the defendant generally violated Tex. Ins. Code § 542.051 *et. seq.* "by failing to promptly pay upon notice of death." Compl. 3. Assuming that plaintiff is seeking relief under Section 542.058, "Delay in Payment of Claim," the plaintiff must show that the insurer "after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than sixty days." TEX. INS. CODE § 542.058(a).

Plaintiff claims that the credit life insurance provider[3], acting either as a wholly-owned subsidiary or representative of the defendant, failed to promptly pay out the life insurance policy

---

[3] As noted above, plaintiff fails to specify whether Credit Life Insurance Company or Ocwen is the insurance provider which she claims has violated the statute by failing to promptly pay. Plaintiff also fails to explain why, if she had knowledge of such a policy prior to her father's death, that upon her installment as Administratrix she chose to attempt to make payments on both the mortgage and the supposed policy instead of immediately inquiring as to why the policy had not promptly paid off the mortgage.

8

in violation of Section 542.058(a). Compl. 4. The plaintiff provides no evidence of a connection between defendant and the insurance provider, such as a policy, that would incur liability. Indeed, there is no evidence of any connection between the defendant and the insurer.

Plaintiff has also failed to present any evidence that Jesus Garza Jr. possessed a credit life insurance policy at the time of his death. As discussed above, after a diligent search of his records the plaintiff has not been able to provide a single document that confirms this policy's existence, or that her father ever made a single payment on such a policy. Pl.'s Resp. to Def.'s Mot. for Summ. J. 12. Finally, given that the plaintiff has failed to present evidence of the existence of any life insurance policy, she has equally failed to provide evidence that the items, statements, and forms required to be delivered by statute were provided to the insurer. Thus, she has failed to raise a genuine issue of fact as to the essential elements of prompt payment claims. Based on the foregoing, defendant is entitled to summary judgment on plaintiff's claims brought under the Tex. Ins. Code.

### E. Plaintiff has Abandoned Claims for Breach of a Fiduciary Duty and Wrongful Foreclosure

Plaintiff claims that defendant has breached its fiduciary duty because of the existence of a conflict of interest between defendant and the insurance provider. Compl. 4. In Texas, an "informal fiduciary duty may arise from a moral, social, domestic or purely personal relationship of trust and confidence, generally called a confidential relationship." *Associated Indem. Corp. v. CAT Contr.*, 964 S.W.2d 276, 287 (Tex. 1998). Plaintiff fails to provide evidence which demonstrates the existence of such a relationship, or to articulate how the existence of such a relationship was breached by the defendant's actions. Further, plaintiff fails to specify whether the alleged fiduciary duty existed between the defendant and the insurance provider, or between the defendant and the plaintiff. Further, as "the existence of the fiduciary relationship is to be

determined from the actualities of the relationship between the persons involved," this Court cannot determine that such a relationship exists if the plaintiff fails to specifically identify the involved parties. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962).

Plaintiff also claims that by failing to demand payment from the credit life insurance provider, the defendant has breached some fiduciary duty by attempting to wrongfully foreclose on the property. Compl. 4. As previously discussed, the plaintiff has failed to provide evidence which demonstrates the existence of a fiduciary duty, or evidence which identifies the credit life insurance provider.[4]

Plaintiff, in her timely response to defendant's motion for summary judgment, failed to address the issues of breach of a fiduciary duty or wrongful foreclosure. By failing to present these issues in her response, plaintiff has abandoned these issues. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584 n.1 (5th Circ. 2006) (citing with approval *Vela v. City of Houston*, 271 F.3d 659, 678-79 (5th Circ. 2001)). The Court will treat the motion for summary judgment as to these claims as conceded, and defendant is entitled to summary judgment for the plaintiff's claims of both breach of fiduciary duty and wrongful foreclosure.

Additionally, the plaintiff obtained a restraining order specifically to prevent a foreclosure, and now seeks injunctive relief from this Court to permanently prevent a foreclosure sale. Compl. 5–6. Under Texas law, in order to prove a claim for wrongful foreclosure a plaintiff must demonstrate "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Miller v.*

---

[4] As noted above, the only evidence that plaintiff provides which potentially identifies Ocwen as the insurance provider is intuition received after hearing of a class action suit involving unrelated parties. The Court has been unable to find any authority in which a plaintiff's intuition, instinct, or hunch might qualify as evidence. It is the Court's intuition that there is none. The Court refuses to credit plaintiff's intuition as evidence that Ocwen issued the supposed policy here.

10

*BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726–727 (5th Cir. 2013). Plaintiff "cannot state a claim for wrongful foreclosure because no foreclosure sale has occurred." *Casillas v. CitiMortgage, Inc.*, 2017 U.S. Dist. LEXIS 56394, *6 (W.D. Tex. 2017) (quoting *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011)). Therefore, defendant would be entitled to summary judgment for these claims even if they had not been abandoned by omission from plaintiff's response to defendant's Motion for Summary Judgment.

## V. CONCLUSION

This Court has considered the Defendant's Motion for Summary Judgment filed by Deutsche Bank National Trust Company. After consideration of the Motion for Summary Judgment, any response thereto, and all other matters properly before the Court, the Court is of the opinion that the Motion for Summary Judgment is meritorious and should be granted.

A separate order shall issue.

DATE: 7/5/17

_____
Royce C. Lamberth
United States District Judge