FILED

FEB 0 8 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA LOPEZ-GARCIA. § <br> § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL TRUST CO. § <br> AS TRUSTEE FOR ARGENT SECURITIES, INC., § <br> ASSET-BACKED PASS-THROUGH § <br> CERTIFICATES SERIES 2005-W5 § <br> § <br> DEFENDANTS. § | Civil No. SA-16-CV-00217-RCL |

**Memorandum Opinion:**
**Denying the Plaintiff's Motion to Alter or Amend Judgment or For a New Trial**

The plaintiff, Ms. Lopez-Garcia, asks the Court to alter its grant of summary judgment in favor of the defendants in this case and to remand this case to state court. Ms. Lopez-Garcia argues that this is necessary because the defendants' summary judgment evidence "failed to establish by a preponderance of the evidence" that the "amount in controversy exceeded the jurisdictional limit of $75,000." (ECF #23 at 5). But because it was clear at the time of removal that the parties were diverse and the amount in controversy exceeded $75,000, the Court will **DENY** Ms. Lopez-Garcia's motion.

## BACKGROUND

Ms. Lopez-Garcia initially filed this lawsuit in the 288th Judicial District Court of Bexar County, Texas. In her petition, she alleged that in 2005 her father executed a Texas Home Equity Note (the "Note) in the principal amount of $77,000.[1] The Note was payable to Argent Mortgage

---

[1] The actual principal amount was $77,600, but this is irrelevant to the present analysis.

1

Company, LLC, in monthly installments of $569.41. Ms. Lopez-Garcia further alleged that her father made timely payments every month until his death on July 11, 2011. Following her father's death, Ms. Lopez-Garcia was appointed administratrix of his estate. She alleged that she continued to make payments on the Note according to the loan agreement. But she does not dispute that she made no payments on the Note after November 2013.

Ms. Lopez-Garcia also alleged that the defendants had sold a credit life insurance policy to her father that would have paid off the balance of the Note upon his death. On or about November 2014, the successor lender began refusing premium payments on this policy, explaining to Ms. Lopez-Garcia that her father never had a credit life insurance policy. Ms. Lopez-Garcia to this day cannot show that this policy ever existed.

In any case, Ms. Lopez-Garcia's state-court complaint then alleged that in November 2015 she was served regarding the foreclosure of her father's house based on the loan agreement. This led to Ms. Lopez-Garcia filing the present suit. In her petition, she asserted numerous causes of action against the defendants, pursuant to which she sought "monetary relief of $100,000 to $200,000," including exemplary damages and attorney's fees. (ECF #1-1 at 1, 6).

The defendants removed the case to federal court on the basis of diversity jurisdiction and, following discovery, moved for summary judgment as to all of the causes of action asserted against them. The Court granted the defendants' motion for summary judgment in its entirety. (ECF #20). But now Ms. Lopez-Garcia asks the Court to alter its grant of summary judgment in favor of the defendants in this case and to remand this case to state court. Ms. Lopez-Garcia argues that this is necessary because the defendants' summary judgment evidence "failed to establish by a preponderance of the evidence" that the "amount in controversy exceeded the jurisdictional limit of $75,000." (ECF #23 at 5).

## **LEGAL STANDARD**

Ms. Lopez-Garcia asks the Court, pursuant to Rule 59(e), to alter or amend its summary judgment order. (ECF #23 at 1). She bases her motion on the Court's alleged lack of diversity jurisdiction over this case. Because the basis for the motion is a lack of subject-matter jurisdiction, the Court finds that Ms. Lopez-Garcia's arguments are more appropriately viewed as a motion to dismiss or remand for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). That the Court has already rendered summary judgment does not prevent it from treating the motion as such because a "litigant generally may raise a court's lack of subject-matter jurisdiction at any time in [a] civil action, even initially at the highest appellate instance." (*Kontrick v. Ryan*, 540 U.S. 443 (2004) (citing *Capron v. Van Noorden*, 2 Cranch 126, 127 (1804) (successfully raising a challenge to diversity jurisdiction for the first time before the Supreme Court)); FED. R. CIV. P. 12(h)(3)). The Court therefore need not consider whether Ms. Lopez-Garcia truly presents new evidence before the Court or whether her motion raises arguments for the first time, as would be necessary when analyzing a Rule 59(e) motion. All that matters is whether the Court indeed had diversity jurisdiction at the time it granted summary judgment in the defendants' favor.

## **Analysis**

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper [federal] district court." (*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); 28 U.S.C. § 1441(a)). District courts have original subject-matter jurisdiction over civil actions in which there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. (28 U.S.C. § 1332(a)).

That the parties to this case are completely diverse is not contested. But Ms. Lopez-Garcia argues that the Court lacked subject-matter jurisdiction over this case because the defendants did "not present any summary judgment evidence that the amount in controversy [exceeds] the jurisdictional limits." (ECF #23 at 4). Instead, she asserts that the amount in controversy was actually $37,741.30—"the difference between the [Note's] face value $77,600.00 and the 70 payments of $569.41 ($39,858.70)." And because the defendants never affirmatively produced a measure of damages greater than this, the Court lacked jurisdiction and the power to render summary judgment in the defendants' favor.

Ms. Lopez-Garcia's argument is unpersuasive. To begin, she is wrong to say that the defendants bore the burden at summary judgment of showing that the amount in controversy exceeded $75,000. "The jurisdictional facts that support removal" are not judged at the time of a summary judgment motion, but "at the time of removal." (*Gebbia*, 233 F.3d at 883). Determination of the amount in controversy, then, is a point-in-time analysis that looks to the time of removal. And if the amount in controversy requirement is satisfied at the time of removal, then subsequent events "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." (*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–91 (1938); *see also Gebbia*, 233 F.3d at 883 ("Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.")). The Fifth Circuit adheres strongly to this time-of-filing / time-of-removal rule. (*See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (holding that once removal jurisdiction attached, even a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest

jurisdiction); *Gebbia*, 233 F.3d at 883 ("The jurisdictional facts that support removal must be judged *at the time of the removal*.") (emphasis added)).

When determining the amount in controversy at the time of removal, the Court looks to the plaintiff's original petition. The plaintiff's good-faith allegation of the amount in controversy controls unless it "appear[s] to be a legal certainty that the claim is really for less than the jurisdiction amount." (*St. Paul*, 303 U.S. at 288). If "it is facially apparent from the petition that the amount in controversy exceeds $75,000," then "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." (*Gebbia*, 233 F.3d at 883).

Looking at the face of Ms. Lopez-Garcia's petition, the amount in controversy at the time of removal exceeded $75,000. In the petition, she stated that she sought "monetary relief of $100,000 to $200,000." (ECF #1-1 at 1). So it was facially apparent from the petition at the time of removal that the amount in controversy exceeded $75,000. Ms. Lopez-Garcia's post-removal recalculations of the "true" amount in controversy do nothing to change this result because we do not allow "post-removal affidavits" from the plaintiff to "deprive the court of jurisdiction." (*Gebbia*, 233 F.3d at 883). That is the end of the necessary analysis.

But even if Ms. Lopez-Garcia could, by post-removal affidavit, deprive the Court of diversity jurisdiction, her affidavits in this case would be insufficient to do so. Such an affidavit would have to either show that the amount of damages sought in the petition were alleged in bad faith or show to a legal certainty that she could not recover the damages she initially sought. Ms. Lopez-Garcia's motion establishes neither of these conditions. First, she (wisely) does not contend that she made a bad-faith claim for damages in her petition. Second, she cannot show to a legal certainty that the amount in controversy was actually less than $75,000. As the defendants point

out, her recalculated amount in controversy ($37,741.30) ignores the effects of interest on the amount due on the Note. And even if the amount due on the Note did not exceed $75,000 at the time of removal, Ms. Lopez-Garcia also sought exemplary damages and attorney's fees, both of which are also included in the amount in controversy.[2] On top of that, she also sought injunctive relief. The monetary value of all of the relief requested in the complaint—damages for the Note, exemplary damages, attorney's fees, and equitable relief—could easily exceed $75,000. As such, it could not be shown to a legal certainty that the amount in controversy at the time of removal was less than $75,000.

## CONCLUSION

For these reasons, the Court concludes that it did indeed have subject-matter jurisdiction over this case when it rendered summary judgment against Ms. Lopez-Garcia. The Court will therefore **DENY** her motion to alter or amend its earlier summary judgment order.

**A separate order will follow.**

SIGNED this 7th day of February, 2018.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE

---

[2] "[A]ttorneys' fees may be recoverable by contract or a statute may provide that the prevailing party shall recover attorneys' fees. If so, a reasonable claim for such fees may be included in the amount in controversy." (*See* RICHARD D. FREER, CIVIL PROCEDURE §4.5 n.87 (3rd ed. 2012)). In her petition, Ms. Lopez-Garcia, sought attorney's fees pursuant to statutory authority, and so those attorney's fees may be included in the amount in controversy. (ECF #1-1 at 6 (seeking attorney's fees pursuant to CPRC § 38.001(8), TEX. INS. CODE § 542.051 *et seq.*, and TEX. FIN. CODE § 392.403(b))).

6